## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| SIMON NICHOLAS RICHMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. |
| | )     _____ |
| WINCHANCE SOLAR FUJIAN TECHNOLOGY | ) |
|    CO. LTD., | ) |
| COLEMAN CABLE, INC., | ) |
| NII NORTHERN INTERNATIONAL, INC., | ) |
| NII NORTHERN INTERNATIONAL SERVICES, INC., | ) |
| THE HOME DEPOT, INC., | ) |
| KMART HOLDING CORPORATION, | ) |
| KMART CORPORATION, | ) |
| KMART HOLDINGS, INC., | ) |
| KMART PROMOTIONS, LLC, | ) |
| UNBEATABLE SALE.COM, INC., | ) |
| RESURS2 CORPORATION, | ) |
| HARBOR FREIGHT USA, INC., | ) |
| CENTRAL PURCHASING LLC, | ) |
| AMAZON.COM, INC., | ) |
| MENARD, INC., | ) |
| WAYFAIR, INC., | ) |
| WAYFAIR LLC, | ) |
| PLUMBER SURPLUS LLC, and | ) |
| ALPINE CORPORATION, | ) |
| | ) |
| Defendants. | ) |

_____ )

## COMPLAINT AND JURY DEMAND

| | |
|---|---|
| Lawrence C. Hersh | <u>Of Counsel</u> |
| Attorney at Law | Theodore F. Shiells |
| 17 Sylvan Street | Texas State Bar No. 00796087 |
| Suite 102B | Shiells Law Firm P.C. |
| Rutherford, New Jersey  07070 | Dallas, Texas 75202 |
| Tel:  (201) 507-6300 | Tel: (214) 979-7312 |
| Fax: (201) 507-6311 | Fax: (214) 979-7301 |
| lh@hershlegal.com | tfshiells@shiellslaw.com |
| Attorneys for Plaintiff | |
| Simon Nicholas Richmond | |

## COMPLAINT AND JURY DEMAND

Plaintiff Simon Nicholas Richmond ("Richmond" or "Plaintiff"), for his claims against Defendants Winchance Solar Fujian Technology Co. Ltd., Coleman Cable, Inc., NII Northern International, Inc., NII Northern International Services, Inc., The Home Depot, Inc., Kmart Holding Corporation, Kmart Corporation, Kmart Holdings, Inc., Unbeatable Sale.com, Inc., Resurs2 Corporation; Harbor Freight USA, Inc., Central Purchasing LLC, Amazon.com, Inc., Menard, Inc., Wayfair, Inc., Wayfair LLC, Plumber Surplus LLC, Alpine Corporation (collectively, "Defendants"), makes and files this Complaint and alleges as follows:

### 1.      THE PARTIES

**A.      Plaintiff Richmond.**

1.      Plaintiff Richmond is an individual and resident of New Jersey.

**B.      Defendants.**

2.      Winchance Solar Fujian Technology Col. Ltd. (Winchance) is a corporation organized and existing under the laws of China, having a principal place of business at Jiangnan New Hi-Tech Electronic Information Industrial Park, Quanzhou, Fujian, China.  Winchance may be served pursuant to the Hague convention.

3.      Coleman Cable, Inc. (Coleman Cable) is a corporation organized and

existing under the laws of the State of Delaware, having a principal place of business at 1530 South Shields Drive, Waukegan, Illinois 60085-8037.  Coleman Cable may be served through its agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware  19808.

4.      NII Northern International, Inc. (NII Canada) is a corporation organized and existing under the laws of Canada, having a principal place of business at 1 Burbridge St., Suite 101, Coquitlam, British Columbia, Canada V3k 7-B2.  NII Canada may be served pursuant to the Hague Convention.

5.      NII Northern International Services, Inc. (NII USA) is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business 1 Burbridge St., Suite 101, Coquitlam, British Columbia, Canada V3k 7-B2.  (NII USA) may be served through its agent for service of process, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

6.      Upon information and belief, NII USA and NII Canada are alter egos of each other and/or are so closely related to one another that they are jointly and severally liable and may be considered the same company for purposes of this Complaint.

7.      For purposes of this Complaint, NII USA and NII Canada shall be collectively referred to as "Northern International."

8.      The Home Depot, Inc. (Home Depot) is a corporation organized and

existing under the laws of the State of Delaware, having a principal place of business at 2455 Paces Ferry Road, NW, Atlanta, Georgia  30339-4024.  Home Depot may be served through its agent for service of process, Corporation Service Company, 2711 Centerville Rd. Suite 400, Wilmington, DE 19808.

9.     Kmart Corporation (Kmart) is a corporation organized and existing under the laws of the State of Michigan, having a principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.  Kmart may be served through its agent for service of process, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

10.     Kmart Holding Corporation (Kmart Holding) is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.  Kmart Holding may be served through its agent for service of process, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

11.     Kmart Holdings, Inc. (Kmart Holdings, Inc.) is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.  Kmart Holdings, Inc. may be served through its agent for service of process, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

12.     Upon information and belief, Kmart, Kmart Holding and Kmart

Holdings, Inc. are alter egos of each other and/or are so closely related to one another that they are jointly and severally liable and may be considered the same company for purposes of this Complaint.

13.     For purposes of this Complaint, Kmart, Kmart Holding and Kmart Holdings, Inc. shall be collectively referred to as "Kmart."

14.     Unbeatable Sale.com, Inc. (Unbeatable Sale) is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 195 Lehigh Ave, Suite 5, Lakewood, NJ 08701.  Unbeatable Sale may be served through its agent for service of process, Gershon Biegeleisen, 111 Madison Avenue, Lakewood, NJ  08701.

13.     Resurs2 Corporation (Resurs2) is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 39 Harrison Avenue, Harrison, NJ, 07029.  Resurs2 may be served through its agent for service of process, Boris Skop, 39 Harrison Avenue, Harrison, NJ, 07029.

14.     Harbor Freight USA, Inc. (Harbor Freight USA) is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3491 Mission Oaks Boulevard, Camarillo, CA 93012.  Harbor Freight may be served through its agent for service of process, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

15.     Central Purchasing LLC (Central Purchasing) is a limited liability

company organized and existing under the laws of the State of California, having a principal place of business at 3491 Mission Oaks Boulevard, Camarillo, CA 93012. Central Purchasing may be served through its agent for service of process, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

16.     Upon information and belief, Harbor Freight USA and Central Purchasing are alter egos of each other and/or are so closely related to one another that they are jointly and severally liable and they may be considered the same company for purposes of this Complaint.

17.     For purposes of this Complaint, Harbor Freight USA and Central Purchasing shall be collectively referred to as "Harbor Freight."

18.     Amazon.com, Inc. (Amazon.com) is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 10 Terry Avenue North, Seattle, Washington  98109.  Amazon.com may be served through its agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware  19808.

19.     Menard, Inc. (Menard) is a corporation organized and existing under the laws of the State of Wisconsin, having a principal place of business at 5106 Old Mill Center, Eau Claire, WI 54703.  Menard may be served through its agent for service of process, John R. Menard, Jr., 5106 Old Mill Center, Eau Claire, WI 54703.

20.     Wayfair LLC (Wayfair LLC) is a limited liability company organized

and existing under the laws of the State of Massachusetts, having a principal place of

business at 177 Huntington Avenue, Suite 6000, Boston, Massachusetts 02115.

Wayfair LLC may be served through its agent for service of process, Nirsaj Shah, 177

Huntington Avenue, Suite 6000, Boston, Massachusetts 02115.

21.     Wayfair, Inc. (Wayfair Inc.) is a corporation organized and existing

under the laws of the State of Massachusetts, having a principal place of business at

177 Huntington Avenue, Suite 6000, Boston, Massachusetts 02115.  Wayfair, Inc.

may be served through its agent for service of process, Nirsaj Shah, 177 Huntington

Avenue, Suite 6000, Boston,  Massachusetts 02115.

22.     Upon information and belief, Wayfair LLC and Wayfair Inc. are alter

egos of each other and/or are so closely related to one another that they are jointly and

severally liable and may be considered the same company for purposes of this

Complaint.

23.     For purposes of this Complaint, Wayfair LLC and Wayfair Inc. shall be

collectively referred to as "Wayfair."

24.     Plumber Surplus LLC (Plumber Surplus) is a limited liability company

having a principal place of business at 4359 Saint George Pl, Riverside, CA  92504.

Plumber Surplus may be served by service on a managing agent at the foregoing place

of business.

25.     Alpine Corporation (Alpine) is a corporation organized and existing

under the laws of the State of California, having a principal place of business at 4901 Zambrano Street, Commerce, CA 90040.  Alpine Corporation may be served through its agent for service of process, Ramin Azadegan, 9107 Wilshire Blvd 8th FL, Beverly Hills CA 90210.

## 2.    SUBJECT MATTER JURISDICTION

26.    This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-289. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## 3.    PERSONAL JURISDICTION AND VENUE

### A.    General.

27.    Personal jurisdiction over each of the Defendants is proper pursuant to New Jersey Long-Arm Statute, J.J. CT. R. 4:4-4 and principles of due process.

28.    The United States Defendants all have sufficient minimum contacts with New Jersey and this district and the maintenance of this suit does not offend traditional notions of fair play and substantial justice.

29.    The foreign Defendants have sufficient minimum contacts with the United States and the maintenance of this suit does not offend traditional notions of fair play and substantial justice.

8

### B.    Specific Jurisdiction.

#### 1.    United States Defendants.

30.    Personal jurisdiction over all United States Defendants is proper under principles of specific jurisdiction.  Upon information and belief, all United States Defendants have transacted and solicited business in New Jersey and in this district related to the subject matter of the claims alleged herein and, upon information and belief, have committed infringement in this state and district by importing, offering to sell and/or selling goods infringing one or more of the Patents-in-Suit, to one or more customers in this state and district, and/or by exposing for sale, offering for sale and/or selling such infringing goods to New Jersey residents, including by means of a commercially interactive website targeting New Jersey.  Further, each Defendant's infringement that is the subject of the claims alleged has caused Plaintiff to suffer damages and other losses in New Jersey and this district, a result that was reasonably foreseeable to each United States Defendant at the time each committed its misconduct.

#### 2.    Foreign Defendants.

31.    Personal jurisdiction over all foreign Defendants is proper under principles of specific jurisdiction.  Upon information and belief, each foreign Defendant has transacted and solicited business in the United States related to the

subject matter of the claims alleged herein and, upon information and belief, has committed acts of direct infringement in the United States and/or has knowingly induced others to do so.  Upon information and belief, all foreign Defendants have knowingly induced infringement in the United States by offering to sell and/or selling goods infringing one or more of the patents in suit to its customers, with knowledge of one or more of Plaintiff's patents and that the foreign Defendant's goods infringe one or more of Plaintiff's patents, and with knowledge and/or willful blindness to the fact that its or his products will be imported into and offered for sale, sold and/or used in the United States by others.  Further, each foreign Defendant's infringement that is the subject of the claims alleged has caused Plaintiff to suffer damages and other losses in the United States, a result that was reasonably foreseeable to each foreign Defendant at the time each committed its misconduct.

### C.      General Jurisdiction.

32.      Personal jurisdiction over the United States Defendants is also proper under principles of general jurisdiction in that these Defendants either reside in this state and district and/or have regularly and purposefully conducted business in New Jersey and this district.

33.      Personal jurisdiction over the foreign Defendants is also proper under principles of general jurisdiction in that, upon information and belief, these Defendants regularly and purposefully conducted business in the United States.

34.     Pursuant to 28 U.S.C. § 1391 (c) (3), an alien may be sued in any judicial district and the joinder of such a Defendant shall be disregarded in determining whether the action may be brought with respect to the other Defendants.

**D.     Venue.**

35.     Venue also properly lies in this district pursuant to 28 U.S.C. § 1400(b) because each Defendant either resides in this district and/or has committed acts of infringement in this district.

36.     Venue also properly lies in this district under 28 U.S.C. § 1391(b) (2) and/or (3) because either a substantial part of the events or omissions giving rise to the claims recited below, or a substantial part of the property that is the subject of the action is in this district, or there is no district in which the action may otherwise be brought as provided in 28 U.S.C. § 1391, and this court has personal jurisdiction over at least one Defendant.

37.     Venue is proper in this district over the foreign corporations pursuant to 28 U.S.C. § 1391 (c) (3) in that an alien may be sued in any judicial district and the joinder of such a Defendant shall be disregarded in determining whether the action may be brought with respect to the other Defendants.

## 4.     JOINDER PURSUANT TO 35 U.S.C. § 299

38.     Joinder is proper under 35 U.S.C. § 299.

39.     Joinder is proper and in accordance with 35 U.S.C. § 299(a) because (1) Plaintiff is asserting his right to relief from the Defendants' unlawful patent infringement against the Defendants jointly, severally, or in the alternative with respect to or arising out of the same series of transactions or occurrences relating to the using, importing into the United States, offering for sale, or selling the same solar-powered garden light that infringes one or more of the patents in suit and (2) questions of fact related to Defendants' unlawful patent infringement and common to all Defendants will arise in this action.

40.     Upon information and belief, the aforementioned solar-powered garden light is the same between and among the Defendants because, regardless of brand name or model numbers, the solar-powered garden lights of each Defendant is being repeatedly produced by a common Chinese-located manufacturer.

41.     Upon information and belief, the aforementioned same solar-powered garden lights are also the same between and among the Defendants because, regardless of brand name or model numbers, the solar-powered garden lights of each Defendants are the same in all respects pertinent to at least Plaintiff's '477, '827 and '700 Color-Changing Patents and the facts underlying the claim of infringement asserted against each Defendant share an aggregate of operative facts that give rise to each cause of action, such that the same proof of infringement as to any one Defendant's solar-powered garden light will also prove infringement of the other

Defendants' solar-powered garden lights.  In particular, upon information and belief, the acts of infringement occurred during the same time period, the Defendants are related as at least supplier-customer, the Defendants use identically sourced components, there is an overlap of the products' development and manufacture in that the Defendants copied one another's products, and that this case involves a claim for lost profits.

42.    As to the foreign Defendants, joinder is also proper in that, pursuant to 28 U.S.C. § 1391 (c) (3), an alien may be sued in any judicial district and the joinder of such a Defendant shall be disregarded in determining where the action may be brought with respect to the other Defendants.

## 5.    FACTUAL BACKGROUND – PATENTS IN SUIT

43.    For many years, Richmond has engaged in the development, manufacture, and sale of solar-powered garden lighting. Richmond has taken steps to protect his innovative inventions and designs. In particular, Richmond owns United States utility and design patents relating to his solar garden lights.

44.    Richmond is the inventor and owner of all right, title, and interest to the United States design patent number D554,284, entitled "Solar Powered Light," ("the D284 Cap Design Patent"), which duly and legally issued to Richmond on October 30, 2007.

45.    Richmond is the inventor and owner of all right, title, and interest to the

United States patent number 7,196,477 A1, entitled "Solar Powered Light Assembly to Produce Light of Varying Colors," ("the '477 Color-Changing Patent"), which duly and legally issued to Richmond on March 27, 2007.

46.     Richmond is the inventor and owner of all right, title, and interest to the United States patent number 7,429,827 A1, entitled "Solar Powered Light Assembly to Produce Light of Varying Colors,"  ("the '827 Color-Changing Patent"), which duly and legally issued to Richmond on September 30, 2008.

47.     `Richmond is the inventor and owner of all right, title, and interest to the United States patent number 8,362,700 A1, entitled "Solar Powered Light Assembly to Produce Light of Varying Colors," ("the '700 Color-Changing Patent"), which duly and legally issued to Richmond on January 29, 2013.

48.     Richmond is the inventor and owner of all right, title, and interest to the United States patent number 7,336,157 A1, entitled "Illuminated Wind Indicator," ("the '157 Wind Chime Patent"), which duly and legally issued to Richmond on February 26, 2008.

49.     Richmond is the inventor and owner of all right, title, and interest to the United States patent number 8,077,052 A1,entitled "Illuminated Wind Indicator," ("the '052 Wind Chime Patent"), which duly and legally issued to Richmond on December 13, 2011.

50.     Richmond is the inventor and owner of all right, title, and interest to the

United States patent number 8,089,370 A1, entitled "Illuminated Wind Indicator," ("the '370 Framed Patent"), which duly and legally issued to Richmond on January 3, 2013.

51.     Richmond is the inventor and owner of all right, title, and interest to the United States patent number 8,256,916 A1, entitled "Light Device," ("the '916 Patent"), which duly and legally issued to Richmond on September 4, 2012.

52.     At all times relevant to this action, Richmond has complied with any notice provisions of 35 U.S.C. § 287 as they may relate to the Patents in Suit.

**6.       COUNT NO. 1 – INFRINGEMENT OF PLAINTIFF'S PATENTS**

**A.       Same Product Infringement by All Defendants.**

53.     Upon information and belief, each defendant infringes and/or has infringed one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents by making, using, selling, offering to sell, and/or importing, the same solar-powered garden light generally described as a Color-Changing Dragonfly Solar Stake Path Light or by knowingly inducing others to do so.

54.     Upon information and belief, Home Depot sells and/or has sold the Color-Changing Dragonfly Solar Stake Path Light under the designation Moonrays Solar Powered Color-Changing Clear Acrylic LED Dragonfly Stake Light, Model # 98007 Internet # 203812654, Online exclusive, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

55.     Upon information and belief, Kmart sells and/or has sold the Color-Changing Dragonfly Solar Stake Path Light under the designation Coleman Cable DRAGONFLY COLOR CHANGING LED STAKE LIGHT Kmart Item # 005W004319259001 / Model# S98005D, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

56.     Upon information and belief, Unbeatable sells and/or has sold the Color-Changing Dragonfly Solar Stake Path Light under the designation Paradise (Northern International) GL23127D Dragonfly Solar Stick Light with Color Changing LED, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

57.     Upon information and belief, Resurs2 sells and/or has sold the Color-Changing Dragonfly Solar Stake Path Light under the designation HQRP Solar Power Dragonfly Stake Light ASIN: B007X2C60K, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

58.     Upon information and belief, Coleman sells and/or has sold the Color-Changing Dragonfly Solar Stake Path Light under the designation CCI Model 98007, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

59.     Upon information and belief, Northern International sells and/or has sold the Color-Changing Dragonfly Solar Stake Path Light under the designation Paradise

(Northern International) GL23127D Dragonfly Solar Stick Light with Color Changing LED, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

60.    Upon information and belief, Harbor Freight sells and/or has sold the Color-Changing Dragonfly Solar Stake Path Light under the designation "One Stop Gardens" brand, 3 Piece Decorative Solar LED lights, Dragonfly, Hummingbird, Butterfly - Model 95588 and/or 69462, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

61.    Upon information and belief, Amazon.com sells and/or has sold the Color-Changing Dragonfly Solar Stake Path Light under the designation Paradise GL23127D Dragonfly Solar Stick Light with Color Changing LED or Moonrays 98007 Solar Powered Dragonfly Outdoor Decorative Stake Light, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

62.    Upon information and belief, Menard sells and/or has sold the Color-Changing Dragonfly Solar Stake Path Light under the designation Paradise (Northern International) GL23127D Dragonfly Solar Stick Light with Color Changing LED, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

63.    Upon information and belief, Wayfair sells and/or has sold the Color-Changing Dragonfly Solar Stake Path Light under the designation Paradise Garden

Lighting Dragonfly Solar Stick - GL23127D, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

64.     Upon information and belief, Winchance sells and/or has sold the Color-Changing Dragonfly Solar Stake Path Light under one or more designations, including Model S1311C, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

65.     Upon information and belief, Plumbers Surplus sells and/or has sold the Color-Changing Dragonfly Solar Stake Path Light under the designation Paradise Garden Lighting GL23127D Dragonfly Solar Stick, Clear, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

66.     Upon information and belief, Alpine sells and/or has sold the Color-Changing Dragonfly Solar Stake Path Light under the designation Alpine "Solaris" brand Item, SLC100A (dragonfly), which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

**B.     Additional Infringements by Defendants.**

67.     Upon information and belief, Home Depot also sells and/or has sold one or more models of solar-powered garden lights which infringe one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents and '370 Framed Patent, including but not limited to its model Moonrays 92338 Solar Powered Color-Changing LED Doves with Crackle Globe Light.

18

68.     Upon information and belief, Kmart also sells and/or has sold one or more models of solar-powered garden lights which infringe one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents and '370 Framed Patent, including but not limited to its model Garden Oasis Solar Garden Stake - Yellow Kmart  Item#  028W004949199002 | Model#  NS1324.

69.     On information and belief, without Richmond's authorization, Northern International has imported, exposed for sale, offered for sale and/or sold in the United States,  a solar garden light model having a design that is covered by the Danother that they are jointly and severally liable for the infringement and may be considered Design Patent having a general model number "GL23046" ("the GL23046 Lights"). The GL23046 Lights were at least imported, exposed for sale, offered for sale and sold in the United States in a retail pack containing a quantity of four GL23046 Lights (model number GL23046BK4).

70.     Upon information and belief, Unbeatable also sells and/or has sold one or more models of solar-powered garden lights which infringe one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents and Plaintiffs '370 Framed Patent, including but not limited to its model, Pine Top Sales 508-0007 Solar Moon On Stick Light; infringes Plaintiff's '157 and '052 Wind Chime Patents, and Plaintiff's '370 Patent, including but not limited to its model Sun-Mate 230 Solar Wind Chime; and which infringe Plaintiff's '916 Detachable Patent, including but not

limited to its model Ningbo Hangshun RS-4014 Lumisol Solar Butterfly Stake Light.

71.     On information and belief, without Richmond's authorization, Unbeatable has also imported, exposed for sale, offered for sale and/or sold in the United States a solar garden light model having a design that is covered by the Danother that they are jointly and severally liable for the infringement and may be considered Design Patent, sould under Northern International's "Paradise" brand, having a general model number "GL23046" ("the GL23046 Lights").

72.     On information and belief, without Richmond's authorization, Amazon has exposed for sale, offered for sale and sold in the United States the GL23046 Lights.

73.     On information and belief, without Richmond's authorization, Sears has exposed for sale, offered for sale and/or sold in the United States the GL23046 Lights.

74.     On information and belief, without Richmond's authorization, Sears has exposed for sale, offered for sale and/or sold in the United States the GL23046 Lights.

75.     Upon information and belief, Resurs2 also sells and/or has sold one or more models of solar-powered garden lights which infringe one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents and Plaintiffs '370 Framed Patent.

76.     Upon information and belief, Coleman also sells and/or has sold one or more models of solar-powered garden lights which infringe one or more claims of

Plaintiff's '477, '827 and '700 Color-Changing Patents and Plaintiffs '370 Framed Patent, including but not limited to its model, Moonrays 92338 Solar Powered Color-Changing LED Doves with Crackle Globe Light; and which infringe Plaintiff's '916 Detachable Patent, including but not limited to its Moonrays 95958 Polyresin Color changing Dragonfly Solar Stake light.

77.     Upon information and belief, Coleman also sells and/or has sold one or more models of solar-powered garden lights which infringe one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents and Plaintiffs '370 Framed Patent, including but not limited to its model Paradise GL23193BKYL Solar LED Crackled Glass Ball with Metal Butterfly Outdoor Stick Light, Yellow.

78.     Upon information and belief, Harbor Freight also sells and/or has sold one or more models of solar-powered garden lights which infringe one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

79.     Upon information and belief, Amazon.com also sells and/or has sold one or more models of solar-powered garden lights which infringe one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

80.     Upon information and belief, Menard also sells and/or has sold one or more models of solar-powered garden lights which infringe one or more claims of Plaintiff's '477, '827 and '700 Color Changing Patents and Plaintiff's '370 Framed Patent, including but not limited to the model 508-0007 Pine Top brand - Solar Moon

On Stick light, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color Changing Patents and Plaintiff's '370 Framed Patent.

81.     Upon information and belief, Wayfair also sells and/or has sold one or more models of solar-powered garden lights which infringe one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

82.     Upon information and belief, Winchance also sells and/or has sold one or more models of solar-powered garden lights which infringe one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

83.     Upon information and belief, Plumber Surplus has infringed and/or infringes one or more claims of Plaintiff's D284 Cap Design Patent, including but not limited to, by importing, exposing for sale, offering for sale and selling in the United States and/or having done so in the past, its Paradise Style GL23046BK4 (4 pack).

84.     Upon information and belief, Alpine also sells and/or has sold one or more models of solar-powered garden lights which infringe one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

85.     Plaintiff has been damaged as a result of Defendants' infringing activities and will continue to be damaged unless such activities are enjoined by this Court. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages adequate to compensate for the infringement of Plaintiff's Patents, including, inter alia, lost profits and/or a reasonable royalty.

22

86.     Plaintiff will be irreparably harmed if Defendants' patent infringement continues.  Plaintiff relies upon his for protection of his business' intellectual property and the rampant infringement of his patents by Defendants robs Plaintiff's business of its intellectual assets and denies Plaintiff the exclusivity in the marketplace for offering and selling his products to which he is entitled under the Patent Laws.  This seriously damages Plaintiff in a manner that cannot be adequately compensated by money alone.  Plaintiff is entitled to a permanent injunction prohibiting Defendants, their directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with them, from taking any other actions that would infringe Plaintiff's Patents.

### 7.     WILLFULNESS OF THE INFRINGEMENT

87.     As a result of Richmond's activities, Defendants Coleman, Northern International, Harbor Freight, and Winchance are believed to have long had knowledge of at least Plaintiff's '477 and '827 Color Changing Patents and that one or more of their products infringe one or more claims of those patents.  As such, their infringement of Plaintiff's '477 and '827 Color Changing Patents is deliberate and willful. The allegations and factual contentions set forth in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. See Fed. R. Civ. P. 11(b)(3).

## 8.    JURY DEMAND

88.    Plaintiffs hereby demand a trial by jury, pursuant to Fed. R. Civ. Proc.

38(b), for all issues so triable.

## 9.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the court enter judgment granting Plaintiffs

the following relief:

a.    For the utility Patents-in-Suit, awarding Plaintiff his damages

adequate to compensate for Defendants' infringement of Plaintiff's Patents, including,

inter alia, lost profits and/or a reasonable royalty;

b.    For the Richmond D284 Cap Design Patent, awarding Plaintiff his

damages adequate to compensate for Defendants' infringement of Plaintiff's Patents,

including, inter alia, lost profits and/or a reasonable royalty, plus an award of the total

profits of each Defendant found to infringe the Richmond D284 Cap Design Patent,

pursuant to 35 U.S.C. § 289;

c.    Awarding treble of the damages and/or reasonable royalty, and

that those damages be trebled on account of the willful nature of the infringement,

pursuant to 35 U.S.C. § 284, for those Defendants against whom willfulness is

alleged;

d.    Declaring this case to be exceptional under 35 U.S.C. §285 and

awarding Plaintiff his attorneys' fees, costs and expenses related to bringing this

action;

    e.  Enjoining Defendants from infringing Plaintiff's Patents; and

f.      Awarding Plaintiff such further and other relief as the Court

deems just and equitable.

Respectfully submitted,


/s/ Lawrence C. Hersh
Lawrence C. Hersh
Attorney at Law
17 Sylvan Street
Suite 102B
Rutherford, New Jersey  07070
Tel:  (201) 507-6300
Fax: (201) 507-6311
lh@hershlegal.com
Attorneys for Plaintiff
Simon Nicholas Richmond

Of Counsel
Theodore F. Shiells
Texas State Bar No. 00796087
Shiells Law Firm P.C.
Dallas, Texas 75202
Tel: (214) 979-7312
Fax: (214) 979-7301
tfshiells@shiellslaw.com